**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF VERMONT; VERMONT STATE COLLEGES; UNIVERSITY OF VERMONT AND STATE AGRICULTURAL COLLEGE; VERMONT STUDENT ASSISTANCE CORPORATION,<br><br>Defendants. | No. 26-cv-272<br><br><br>**COMPLAINT** |

Plaintiff, the United States of America, by and through its undersigned counsel, brings this civil action for declaratory and injunctive relief, and alleges as follows:

**INTRODUCTION**

1. Federal law prohibits illegal aliens from being eligible to receive post-secondary education benefits based on residence within a state if such benefits are denied to U.S. citizens residing in other states. *See* 8 U.S.C. § 1623(a). There are no exceptions. Yet, Vermont has ignored this Congressional prohibition for over a year.

2. In 2024, Vermont passed Senate Bill 191, Act No. 136 ("Act 136"), which extends eligibility for Vermont in-state tuition benefits and financial aid to illegal aliens, including grants and scholarships. This Act is codified through amendments to multiple Vermont statutes. *See* Vt. Stat. Ann. tit. 16, §§ 2185, 2282a, 2828 (2024).

3. For example, Section 2185 prohibits the Board of Trustees of the Vermont State Colleges from adopting in-state tuition policies that would "discriminate against or exclude a person based solely on the person's immigration status, or lack thereof, if such person would

otherwise qualify for and meet requirements for Vermont residency for tuition purposes as set forth by the Board . . . ." Vt. Stat. Ann. tit. 16, § 2185(a) (2024).

4.      Similarly, Section 2282a prohibits the Board of Trustees of the University of Vermont and State Agricultural College from adopting in-state tuition policies that would "discriminate against or exclude a person based solely on the person's immigration status, or lack thereof, if such person would otherwise qualify for and meet requirements for Vermont residency for tuition purposes as set forth by the Board . . . ." Vt. Stat. Ann. tit. 16, § 2282a(a) (2024).

5.      Section 2828 establishes that a Vermont "resident who is otherwise eligible for a State-funded financial aid program administered by the [Vermont Student Assistance Corporation] shall not be ineligible solely on the basis of such resident's immigration status under federal law." Vt. Stat. Ann. tit. 16, § 2828(a) (2024).

6.      These statutes constitute blatant unequal treatment favoring illegal aliens over U.S. citizens. Worse, such preferential treatment is squarely prohibited and preempted by federal law mandating that "an alien who is not lawfully present in the United States *shall not* be eligible on the basis of residence within a State . . . for any postsecondary education benefit unless a citizen or national of the United States is eligible for such a benefit . . . without regard to whether the citizen or national is such a resident." 8 U.S.C. § 1623(a) (emphasis added). Accordingly, under the Supremacy Clause of our Nation's Constitution, Sections 2185, 2282a, and 2828's extension of eligibility for post-secondary education benefits to illegal aliens is unconstitutional and must yield to federal law.

7.      Courts have long recognized 8 U.S.C. § 1623's express preemptive effect. *See, e.g., Young Conservatives of Tex. Found. v. Smatresk*, 73 F.4th 304, 313 (5th Cir. 2023) (holding that Section 1623 "expressly preempts state rules that grant illegal aliens benefits when U.S. citizens

haven't received the same. No matter what a state says, if a state did not make U.S. citizens eligible, illegal aliens cannot be eligible"); *Equal Access Educ. v. Merten*, 305 F. Supp. 2d 585, 606 (E.D. Va. 2004) (stating that under Section 1623(a), "public post-secondary institutions need not admit illegal aliens at all, but if they do, these aliens cannot receive in-state tuition unless out-of-state United States citizens receive this benefit"); *Foss v. Ariz. Bd. of Regents*, No. 1 CA-CV 18-0781, 2019 WL 5801690, at *8 (Ariz. Ct. App. Nov. 7, 2019) ("Section 1623 is directed at institutional practices, curtailing the authority of educational institutions to grant in-state tuition benefits to undocumented aliens. . . .").

8.      Numerous courts have struck down similar in-state tuition laws as unconstitutional based on Section 1623's preemptive effect. *See, e.g.*, *United States v. Illinois*, No. 25-CV-1691, 2026 WL 2137256, at *8–11 (S.D. Ill. July 24, 2026) (finding Illinois in-state tuition statutes as applied to illegal aliens expressly preempted by Section 1623(a)); *United States v. Nebraska*, --- F.Supp.3d ---, No. 8:26-CV-172, 2026 WL 1584862 *27 (D. Neb. June 3, 2026) (holding Nebraska laws were preempted by Section 1623(a) because "they allow aliens unlawfully present in the United States to qualify as 'residents' of Nebraska for the purpose of post-secondary education benefits but deny such benefits to United States citizens of other states'"); *United States v. Oklahoma*, No. 6:25-CV-00265, ECF No. 23 at 1 (E.D. Okla. Aug. 29, 2025) (Order and Final Consent Judgment) (holding that challenged Oklahoma in-state tuition laws "as applied to aliens who are not lawfully present in the United States, violates the Supremacy Clause and are unconstitutional and invalid"); *United States v. Texas*, No. 7:25-CV-00055, 2025 WL 1583869, at *1 (N.D. Tex. June 4, 2025) (permanently enjoining Texas defendants from enforcing Texas Education Code §§ 54.051(m) and 54.052(a) because the challenged provisions violated the Supremacy Clause). This Court should do the same.

**JURISDICTION AND VENUE**

9.     The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345.

10.     Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b) because: (1) all Defendants reside in this judicial district, and (2) a substantial portion of the events giving rise to this Complaint arose from events occurring within this judicial district.

11.     The Court has the authority to provide the relief requested under the Supremacy Clause, U.S. Const. art. VI, cl. 2; 28 U.S.C. §§ 1651, 2201, and 2202; and the Court's inherent equitable powers.

**PARTIES**

12.     Plaintiff, the United States of America, regulates immigration under its inherent, constitutional, and statutory authorities. Plaintiff enforces federal immigration laws through its Executive agencies, including the Department of Justice, Department of Homeland Security ("DHS"), and DHS component agencies, U.S. Immigration and Customs Enforcement, U.S. Citizenship and Immigration Services, and U.S. Customs and Border Protection.

13.     Defendant State of Vermont is a state of the United States.

14.     Defendant Vermont State Colleges ("VSC") is a public corporation that plans, supervises, administers, and operates facilities for education at the postsecondary level, supported in whole or in substantial part with State funds. *See* Vt. Stat. Ann. tit. 16, § 2171 (2024). VSC consists of Vermont State University and the Community College of Vermont. VSC's Board of Trustees "shall make bylaws and regulations for . . . each institution under its control prescribing,

4

among other things, the terms of admission, courses of instruction, educational standards, rates of tuition, scholarships, and other student aids."[1] *Id.* § 2174.

15.    Defendant University of Vermont and State Agricultural College ("UVM") is a "body corporate," and "shall be recognized and utilized as an instrumentality of the State for providing public higher education[.]" Vt. Stat. Ann. tit. 16 App. ch. 1 § 1-1 (2024). UVM's Board of Trustees "prescribe the terms of admission, rates of tuition, modes of study, and course of instruction . . . ." *Id.* § 1-3.

16.    Defendant Vermont Student Assistance Corporation ("VSAC") is a nonprofit public corporation that "provide[s] opportunities for persons who are residents of Vermont to attend colleges or other postsecondary education institutions by awarding grants, guaranteeing, making, financing, and servicing loans of funds to [qualifying] students" and "provide[s] career, educational, and financial aid counseling and information services[.]" Vt. Stat. Ann. tit. 16, § 2821(a) (2024). VSAC is "designated as the state agency to receive federal funds assigned to the State of Vermont for student financial aid programs." *Id.* § 2823(c).

### FEDERAL LAW

17.    The Constitution empowers Congress to "establish an uniform Rule of Naturalization," U.S. Const. art. I, § 8, cl. 4, and to "regulate Commerce with foreign Nations," U.S. Const. art. I, § 8, cl. 3.

18.    The Constitution also vests the President of the United States with "[t]he executive Power," U.S. Const. art. II, § 1, and authorizes the President to "take Care that the Laws be

---

[1] *See generally* Manual of Policies & Procedures, *Policy 403-C*, Vermont State Colleges System (Jan. 23, 2023), https://perma.cc/DJQ8-B7B6.

faithfully executed," U.S. Const. art. II, § 3, which necessarily includes his duty to take care over immigration matters.

19.    The United States has inherent, well-established, preeminent, and preemptive authority to regulate immigration matters. This authority derives from its inherent obligations as a sovereign, the Constitution, and numerous acts of Congress. *See, e.g.*, *Fong Yue Ting v. United States*, 149 U.S. 698, 711 (1893) ("The right to exclude or to expel all aliens, or any class of aliens, absolutely or upon certain conditions, in war or in peace, [is] an inherent and inalienable right of every sovereign and independent nation, essential to its safety, its independence, and its welfare . . . ."); *Ping v. United States*, 130 U.S. 581, 603–04 (1889) ("Jurisdiction over its own territory to that extent is an incident of every independent nation. It is a part of its independence. If it could not exclude aliens it would be to that extent subject to the control of another power."); *U.S. ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 542 (1950) ("The exclusion of aliens is a fundamental act of sovereignty. The right to do so stems not alone from legislative power but is inherent in the executive power to control the foreign affairs of the nation. When Congress prescribes a procedure concerning the admissibility of aliens, it is not dealing alone with a legislative power. It is implementing an inherent executive power.").

20.    Based on its enumerated constitutional and sovereign powers to control and conduct relations with foreign nations, the Federal Government has broad authority to establish immigration laws. *See Fiallo v. Bell*, 430 U.S. 787, 798 (1977) (explaining that matters of immigration concern "policy questions entrusted exclusively to the political branches of our Government," leaving "no judicial authority" for courts "to substitute [their] political judgment for that of the Congress").

21.     In 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act ("PRWORA") and the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). *See* PRWORA, Pub. L. No. 104-193, 110 Stat. 2268 (1996); IIRIRA, Pub. L. No. 104-208, Div. C, 110 Stat. 3009-546 (1996). Those Acts sought to encourage self-sufficiency among immigrants, limit their dependence on public assistance, and prevent public benefits from serving as an incentive for illegal immigration. *See id.*; *see also* 8 U.S.C. § 1601(1) ("Self-sufficiency has been a basic principle of United States immigration law since this country's earliest immigration statutes.").

22.     Congress declared that "aliens within the Nation's borders [should] not depend on public resources to meet their needs, but rather [should] rely on their own capabilities and the resources of their families, their sponsors, and private organizations." 8 U.S.C. § 1601(2)(A).

23.     Congress also emphasized that "the availability of public benefits [should] not constitute an incentive for immigration to the United States." *Id.* § 1601(2)(B).

24.     Moreover, Congress determined that "[i]t is a compelling government interest to enact new rules for eligibility and sponsorship agreements in order to assure that aliens be self-reliant in accordance with national immigration policy" and "to remove the incentive for illegal immigration provided by the availability of public benefits." *Id.* § 1601(5)-(6).

25.     As relevant here, PRWORA states: "A State may provide that an alien who is not lawfully present in the United States is eligible for any State or local public benefit for which such alien would otherwise be ineligible . . . only through the enactment of a State law after August 22, 1996, which affirmatively provides for such eligibility." 8 U.S.C. § 1621(d).

26.     But even in such cases, a state may not offer in-state tuition (or "resident tuition") benefits to illegal aliens present in the United States based on their residence in the state, if those

same benefits are denied to American citizens from other states. *See id.* § 1623(a). IIRIRA included a clear "[l]imitation on eligibility for preferential treatment of aliens not lawfully present on basis of residence for higher education benefits." *Id*.

27.     Section 1623(a) provides that:

Notwithstanding any other provision of law, an alien who is not lawfully present in the United States shall not be eligible on the basis of residence within a State (or a political subdivision) for any postsecondary education benefit unless a citizen or national of the United States is eligible for such a benefit (in no less an amount, duration, and scope) without regard to whether the citizen or national is such a resident.

*Id.* § 1623(a).

28.     Accordingly, under 8 U.S.C. § 1623(a), illegal aliens present in the United States are not eligible for postsecondary education benefits based on state residency unless those same benefits are also offered to all American citizens, regardless of their state of residence.

29.     On February 19, 2025, President Trump issued Executive Order 14218, *Ending Taxpayer Subsidization of Open Borders*,[2] ordering federal departments and agencies to "ensure, to the maximum extent permitted by law, that no taxpayer-funded benefits go to unqualified aliens." *Id*. § 2(a).

30.     On April 28, 2025, President Trump issued Executive Order 14287, *Protecting American Communities From Criminal Aliens*,[3] directing relevant officials to ensure the "[e]qual [t]reatment of Americans" and to "take appropriate action to stop the enforcement of State and local laws, regulations, policies, and practices favoring aliens over any groups of American

---

[2] Executive Order, *Ending Taxpayer Subsidization of Open Borders*, 90 Fed. Reg. 10581 (Feb. 19, 2025), https://perma.cc/V5KX-DX6Q.
[3] Executive Order, *Protecting American Communities From Criminal Aliens*, 90 Fed. Reg. 18761 (Apr. 28, 2025), https://perma.cc/83KY-N8Q9.

citizens that are unlawful, preempted by federal law, or otherwise unenforceable, including State laws that provide in-State higher education tuition to aliens but not to out-of-State American citizens." *Id*. § 5.

31. These Executive Orders emphasize that state governments must not confer greater benefits to illegal aliens present in our Nation than to U.S. citizens. They also reflect Congress's end—expressed in multiple provisions of the Immigration and Nationality Act—to reduce incentives for illegal immigration by limiting access to certain public benefits intended for U.S. citizens.

## THE VERMONT LAWS

## I.     Vermont Makes Illegal Aliens Eligible for Resident Tuition

32. Vermont law rewards an illegal alien with eligibility for in-state tuition, based on residency within Vermont, while explicitly denying eligibility for resident tuition rates to U.S. citizens who are not Vermont residents. *See* Vt. Stat. Ann. tit. 16, §§ 2185, 2282a (2024).

33. Vermont, like most states, charges two separate tuition rates at Vermont public universities and community colleges: resident and nonresident tuition. *See id.*

34. For example, Vermont State University charges Vermont residents approximately $11,088 for tuition for one academic year but charges non-Vermont residents approximately $22,152.[4]

---

[4] Admission, *Vermont State Tuition and Fees*, Vermont State University, https://perma.cc/8VEF-AJCA.

35.     Similarly, UVM charges Vermont residents approximately $16,938 in tuition for one academic year but charges out-of-state students approximately $46,655.[5]

36.     The same structure of substantially less-expensive in-state tuition for those classified as Vermont residents as compared to non-Vermont residents holds true for its community college as well. Indeed, the Community College of Vermont charges Vermont residents approximately $290 per credit hour but charges out-of-state students approximately $400 per credit hour.[6]

37.     There are approximately 10,000 illegal aliens enrolled in Vermont Higher Education institutions.[7]

38.     In 2024, Vermont passed Act 136, which extends eligibility for Vermont in-state tuition benefits and financial aid to illegal aliens, including grants and scholarships. This Act is codified through amendments to multiple Vermont statutes. *See* Vt. Stat. Ann. tit. 16, §§ 2185, 2282a, 2828 (2024). Since the Act's effective date in July 2025, Vermont has rewarded resident illegal aliens with eligibility for these in-state tuition benefits in Vermont while denying that same benefit to U.S. citizens who are not residents of Vermont. *See id.* §§ 2185, 2282a.

39.     Sections 2185 and 2282a govern the determination of residency for tuition purposes and unequivocally make illegal aliens living in Vermont eligible to receive resident tuition in Vermont.

---

[5] *See* UVM, *Annual Cost of Attendance – Vermont Resident Living On-Campus*, https://perma.cc/9WPR-JR3B; *see also* UVM, *Annual Cost of Attendance – On-Campus Out-of-State Resident*, https://perma.cc/74YU-RULX.
[6] Community College of Vermont, *Paying for CCV, Tuition & Fees*, https://perma.cc/DCF9-6V3F.
[7] *State Data: Vermont*, Higher Ed Immigration Portal (2026), https://perma.cc/24VX-MY7E.

40.     Section 2185(a), which applies to the Vermont State Colleges Corporation, mandates that:

> The Board of Trustees shall adopt policies related to residency for tuition purposes, consistent with State and federal requirements. Any policies adopted by the Board shall not discriminate against or exclude a person based solely on the person's immigration status, or lack thereof, if such person would otherwise qualify for and meet requirements for Vermont residency for tuition purposes as set forth by the Board and as permitted under federal law.

Vt. Stat. Ann. tit. 16, § 2185(a) (2024).

41.     Similarly, Section 2282a(a), which applies to the University of Vermont and State Agricultural College, mandates that:

> Enrollment at an institution for higher learning, or presence within the State for the purposes of attending an institution of higher learning, shall not by itself constitute residence for in-state tuition purposes or for the purpose of eligibility for assistance from the Vermont Student Assistance Corporation. The Board of Trustees shall adopt policies related to residency for tuition purposes, consistent with State and Federal requirements. Any policies adopted by the Board of Trustees shall not discriminate against or exclude a person based solely on the person's immigration status, or lack thereof, if such person would otherwise qualify for and meet requirements for Vermont residency for tuition purposes as set forth by the Board and as permitted under federal law.

*Id.* § 2282a(a).

42.     These provisions took effect on July 1, 2025.[8]

43.     Nothing in Sections 2185 and 2282a require lawful presence in the United States for in-state eligibility.

44.     VSC's Board of Trustees residency policy incorporates Section 2185 and explicitly notes that no person will be excluded from residency classification "based solely on the person's

---

[8] Sections 2185(a) and 2282a(a)'s inclusion of a "savings clause" is not dispositive of the preemption analysis. The savings clauses are illusory given that the plain text of the statute facially violates Section 1623.

11

immigration status if such person would otherwise qualify for and meet requirements for Vermont residency for in-state tuition purposes."[9] VSC's policy conditions residency on domicile in Vermont, among other requirements.

45.     UVM's Board of Trustees has similarly implemented the in-state tuition and residency classification requirements of Section 2282a.[10] UVM's policy also conditions residency on domicile in Vermont, among other requirements.

46.     Accordingly, the tuition rate for illegal aliens in Vermont who satisfy the criteria in Sections 2185 and 2282a is the same tuition rate as other Vermont residents. Conversely, a U.S. citizen ineligible for in-state tuition under Sections 2185 and 2282a, due to residency requirements, is required to pay the higher, nonresident tuition.

## II.    Vermont Makes Illegal Aliens Eligible for Scholarships and Financial Assistance Based on Residence.

47.     Vermont law also rewards illegal aliens with eligibility for state-funded scholarships and financial assistance based on residency in Vermont while explicitly denying eligibility for the same to U.S. citizens who are not Vermont residents. *See* Vt. Stat. Ann. tit. 16, § 2828 (2024).

48.     Section 2828 governs financial aid eligibility for certain students and applies to the Vermont Student Assistance Corporation. Section 2828 mandates that "[n]otwithstanding any provision of law to the contrary, a resident who is otherwise eligible for a State-funded financial

---

[9] Manual of Policies & Procedures, *Policy 301*, Vermont State Colleges System (Aug. 12, 2024), https://perma.cc/F7PM-RGWB.
[10] UVM Policies, *Residency Policy V. 2.26.7*, University of Vermont (Aug. 18, 2025), https://perma.cc/EU5T-U2VA; *see also* Office of Compliance Services, *Residency*, University of Vermont (Aug. 18, 2025), https://perma.cc/6Z6K-U6U9.

aid program administered by the Corporation shall not be ineligible solely on the basis of such resident's immigration status under federal law." *Id.* § 2828(a).

49. Section 2828 also provides that "[t]he Corporation shall establish procedures and forms that enable residents eligible under subsection (a) of this section to apply for, and participate in, all State-funded student financial aid programs administered by the Corporation for which such residents are eligible to the full extent permitted by federal law." *Id.* § 2828(b).

50. These provisions became effective on July 1, 2025.[11]

51. Section 2822 defines "[r]esident" as:

> [A] student who has been domiciled in Vermont for the year preceding the date of commencement of the relevant semester or academic program. A residence established in Vermont for the purpose of attending an educational institution shall not of itself be sufficient to establish domicile in Vermont. Whenever a resident student loses his or her Vermont domicile, as in the case of a minor whose parents move from the State, the student shall thereafter be reclassified as a nonresident.

*Id.* § 2822(7).

### A. Financial Aid Under the Vermont Grant Pathway

52. VSAC administers the Vermont Grant program, which includes the Vermont Incentive Grant "established to aid students who need financial assistance and are pursuing undergraduate studies and give promise of completing satisfactorily a degree program or who have been accepted for admission to an approved postsecondary education institution for undergraduate studies." *Id.* § 2841.

---

[11] Section 2828's inclusion of a "savings clause" is also not dispositive of the preemption analysis. The savings clause is illusory given that the plain text of the statute facially violates Section 1623.

53.     To qualify for an Incentive Grant, "a student must be in attendance at an approved postsecondary education institution or be accepted for admission and be enrolled as a full-time or part-time student at such an institution." *Id.* § 2842(a).

54.     The Vermont Grant program conditions eligibility on Vermont residency.[12] Vermont resident students who are U.S. citizens are eligible to apply for the Vermont Grant program through the VSAC grant application process outlined on its website, which involves submitting a Vermont grant application and a Federal Free Application for Federal Student Aid ("FAFSA") application.[13]

55.     As an alternative to FAFSA, Vermont residents who are "not U.S. citizen[s] or eligible non-citizen[s]" are eligible for the Vermont Grant program by completing the Vermont Grant Pathway application.[14]

56.     The Vermont Grant Pathway thus makes any illegal alien residing in Vermont eligible for financial assistance so long as the illegal alien satisfies, among other criteria, Vermont's residency requirements, while a U.S. citizen residing outside Vermont is not eligible.

B.      Vermont Scholarship Programs

57.     VSAC also administers the Honor Scholarships program, "established for secondary school seniors who plan to attend an approved postsecondary education institution." Vt. Stat. Ann. tit. 16, § 2851 (2024).

---

[12] *Vermont Grant: Who should apply?*, VSAC, https://perma.cc/S89X-LEYG.

[13] FAFSA is an application form used to determine students' eligibility for financial assistance for higher education, including federal grants. Federal student aid, however, is not available to illegal aliens. Federal Student Aid, *Undocumented Students and Financial Aid*, https://perma.cc/8ALR-JF54.

[14] Vermont Grant Pathway, *Application for the Academic Year 2026-2027*, VSAC (2026), https://perma.cc/VM6X-66H3.

58.    The Honor Scholarships condition eligibility on residence: "All resident, qualified secondary school seniors are eligible to be nominated by their secondary school for a Vermont Honor Scholarship." *Id.* § 2852(a).

59.    Thus, the Honor Scholarships program makes illegal aliens residing in Vermont eligible for financial assistance, so long as they satisfy, among other criteria, residency requirements, while a U.S. citizen residing outside Vermont is not eligible.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATION OF THE SUPREMACY CLAUSE
### (PREEMPTION OF VT. STAT. ANN. TIT. 16, § 2185(a) – TUITION)

60.    The United States hereby incorporates the preceding paragraphs of the Complaint as if fully stated herein.

61.    The Supremacy Clause of our Nation's Constitution mandates that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2.

62.    The preemption doctrine is derived from the Supremacy Clause. Express preemption occurs when Congress includes express language within the statute indicating its preemptive intent. *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000).

63.    Section 2185(a) extends eligibility for in-state tuition benefits to illegal aliens contrary to Congress's prohibition on providing eligibility for postsecondary education benefits (lower, resident tuition rates) based on residency to illegal aliens present in the United States that are not available to all U.S. citizens regardless of residency. *See* 8 U.S.C. § 1623(a).

15

64.     Accordingly, the challenged provision, Vt. Stat. Ann. tit. 16, § 2185(a) (2024), is preempted and unconstitutional.

## COUNT II
### VIOLATION OF THE SUPREMACY CLAUSE
### (PREEMPTION OF VT. STAT. ANN. TIT. 16, § 2282a(a) – TUITION)

65.     The United States hereby incorporates the preceding paragraphs of the Complaint as if fully stated herein.

66.     Section 2282a(a) extends eligibility for in-state tuition benefits to illegal aliens contrary to Congress's prohibition on providing eligibility for postsecondary education benefits (lower, resident tuition rates) based on residency to illegal aliens present in the United States that are not available to all U.S. citizens regardless of residency. *See* 8 U.S.C. § 1623(a).

67.     Accordingly, the challenged provision, Vt. Stat. Ann. tit. 16, § 2282a(a) (2024), is preempted and unconstitutional.

## COUNT III
### VIOLATION OF THE SUPREMACY CLAUSE
### (PREEMPTION OF VT. STAT. ANN. TIT. 16, § 2828(a)-(b) – FINANCIAL AID)

68.     The United States hereby incorporates the preceding paragraphs of the Complaint as if fully stated herein.

69.     Section 2828(a)-(b) extends eligibility for postsecondary education benefits to illegal aliens contrary to Congress's prohibition on providing eligibility for postsecondary education benefits based on residency to illegal aliens present in the United States that are not available to all U.S. citizens regardless of residency.  *See* 8 U.S.C. § 1623(a).

70.     Accordingly, the challenged provisions, Vt. Stat. Ann. tit. 16, § 2828(a)-(b) (2024), are preempted and unconstitutional.

16

**PRAYER FOR RELIEF**

WHEREFORE, the United States respectfully requests the following relief:

1.     That this Court enters a judgment declaring Vt. Stat. Ann. tit. 16, § 2185(a) (2024) violates the Supremacy Clause because it extends State and local public benefits to resident illegal aliens but not nonresident U.S. citizens through State law and is therefore unconstitutional and preempted;

2.     That this Court enters a judgment declaring Vt. Stat. Ann. tit. 16, § 2282a(a) (2024) violates the Supremacy Clause because it extends State and local public benefits to resident illegal aliens but not nonresident U.S. citizens through State law and is therefore unconstitutional and preempted;

3.     That this Court enters a judgment declaring Vt. Stat. Ann. tit. 16, § 2828(a)-(b) (2024) violates the Supremacy Clause because it extends eligibility for postsecondary education benefits to resident illegal aliens but not nonresident U.S. citizens, and is therefore unconstitutional and preempted;

4.     That this Court issue a permanent injunction that prohibits Defendants as well as their successors, agents, and employees, from enforcing Vt. Stat. Ann. tit. 16, § 2185(a) (2024), or any similar subsequent statute, because it extends State and local public benefits to resident illegal aliens but not nonresident U.S. citizens through State law;

5.     That this Court issue a permanent injunction that prohibits Defendants as well as their successors, agents, and employees, from enforcing Vt. Stat. Ann. tit. 16, § 2282a(a) (2024), or any similar subsequent statute, because it extends State and local public benefits to resident illegal aliens but not nonresident U.S. citizens through State law;

17

6.      That this Court issue a permanent injunction that prohibits Defendants as well as their successors, agents, and employees, from enforcing Vt. Stat. Ann. tit. 16, § 2828(a)-(b) (2024), or any similar subsequent statute, because it extends eligibility for postsecondary education benefits to resident illegal aliens but not nonresident U.S. citizens through State law;

7.      That this Court award the United States its costs and fees in this action; and

8.      That this Court award any other relief it deems just and proper.

DATED: August 10, 2026

                        Respectfully Submitted

                        STANLEY E. WOODWARD, JR.
                        Associate Attorney General

                        BRETT A. SHUMATE
                        Assistant Attorney General
                        Civil Division

                        ANNA EDWARDS
                        Counsel to the Associate Attorney General

                        JACQUELINE COLEMAN SNEAD
                        Deputy Director
                        Civil Division
                        Enforcement and Affirmative Litigation Branch

                        */s/ Pooja D. Majmundar*
                        POOJA D. MAJMUNDAR
                        Trial Attorney
                        U.S. Department of Justice, Civil Division
                        Enforcement & Affirmative Litigation Branch
                        P.O. Box 386
                        Washington, D.C. 20044-0386
                        (202) 598-0280
                        Pooja.D.Majmundar@usdoj.gov

                        *Attorneys for the United States of America*